AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Tyler Anthony Devaney and<br>Antonio Groover<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:25-mj-2339-CPT<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 2025__ in the county of __Polk__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to Possess with the Intent to Distribute Controlled Substances (Cocaine, Fentanyl, Ecstasy) |
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute Controlled Substances (Cocaine, Fentanyl, Ecstasy) |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Stephen Bonczyk, TFO, FBI
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: June 20, 2025

_____
Judge's signature

City and state: Tampa, Florida

Hon. Christopher P. Tuite, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Stephen Bonczyk, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and have been since November 2023. Currently, I am a Police Detective with the Lakeland Police Department in Lakeland, Polk County, Florida. I have been employed by the Lakeland Police Department since March 2020. Prior to employment with the Lakeland Police Department ("LPD"), I served as a Police Officer for the New York City Police Department ("NYPD") starting in October 2017. I am presently assigned to the FBI Tampa LRA Safe Streets Task Force. As an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), I am empowered by law to conduct investigations of, and to make arrests for, violations of federal statutes, including 21 USC §§ 846 and 841 (narcotics distribution).

2. Prior to my role as a TFO, I was assigned as a Narcotics Detective in the Lakeland Police Department Special Investigations Section. In this assignment, I am primarily responsible for investigations involving violations of the Florida Drug Abuse Prevention and Control Act, Florida State Statute 893. During my time as a Narcotics Detective, I was also a part of the Polk County Violent Gang

Investigative Task Force. During this time, I was primarily responsible for criminal gang and narcotics investigations in Polk County.

3. My training and experience include the completion of the basic law enforcement academy with the New York City Police Department. I successfully completed the Florida Equivalency of Training for out of state Police Officers. I have completed specialized training classes related to my current position such as, but not limited to, narcotics identification, contraband and drug concealment, gang intelligence, interview and interrogation, surveillance operations, organized crime, and conspiracy investigations. During my career in law enforcement, I have been involved in numerous narcotics and gang-oriented investigations and arrests. I have participated in investigations that utilized Title III investigations, telephone records, and electronic cloud storage accounts to effectively identify subjects and gather evidence. I am in regular contact with law enforcement personnel who specialize in the area of criminal enterprises and violent crimes.

## STATUTORY AUTHORITY

4. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 4l(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I submit this affidavit in support of an application for a criminal complaint and arrest warrants for Tyler Devaney ("**DEVANEY**") and Antonio Groover ("**GROOVER**"). This affidavit sets forth facts sufficient to establish probable cause to believe that **DEVANEY** and **GROOVER** have committed the

violations of 21 U.S.C. §§ 846 (conspiracy to possess with intent to distribute narcotics) and 841(a)(1) (possession of a controlled substance with intent to distribute).

5. The facts contained in this affidavit are drawn from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from law-enforcement officers, information from agency reports, and the review of documents provided to me by witnesses and by law-enforcement officers. Because this affidavit is being submitted for the limited purpose of seeking authorization to arrest **DEVANEY** and **GROOVER**, I have not set forth each and every fact learned during the course of this investigation.

## PROBABLE CAUSE

6. On or about June 9, 2025, a search warrant was issued in the United States District Court for the Middle District of Florida for 2709 Palm Drive Northeast, Winter Haven, Florida 33881, associated with **DEVANEY**.

7. On or about June 18, 2025, investigators conducted physical surveillance of 2709 Palm Drive Northeast, Winter Haven, Florida 33881. At approximately 2:30 PM, **DEVANEY** was observed entering the residence. Additionally, **DEVANEY** had an active felony warrant for fleeing to elude law enforcement. **DEVANEY** was observed exiting the residence with a black backpack. **DEVANEY** then entered the front passenger seat of a gray 2021 Kia sedan bearing Florida license plate number AM96ZG. The gray Kia sedan departed from the

residence while under constant surveillance. The driver of the gray Kia sedan was later identified as **GROOVER**.

8. Investigators observed the gray Kia sedan travel directly to the TD Bank located at 901 Cypress Gardens Boulevard, Winter Haven, Florida 33880, where it parked in a parking spot. Neither **DEVANEY** nor **GROOVER** exited the vehicle. Based on my training and experience, I believe **DEVANEY** and **GROOVER** were conducting counter-surveillance techniques because **DEVANEY** and **GROOVER** observed the FBI, LPD, and PCSO drive past them and execute the search warrant at the residence at Palm Drive. Additionally, I believe **DEVANEY** and **GROOVER** knew they were being surveilled by law enforcement.

9. The gray Kia sedan then traveled directly to 401 Taylor Boulevard in Winter Haven, where it parked in the driveway. **GROOVER** exited the vehicle in possession of the black backpack previously observed in the possession of **DEVANEY**. **GROOVER** walked to the covered carport area of the residence. After a short time, **GROOVER** then re-emerged from the carport area without the black backpack. Law enforcement suspected that **GROOVER** placed the black backpack inside of the garbage can near the carport.

10. PCSO deputies then converged on the gray Kia sedan and executed the arrest of **DEVANEY** without incident. **GROOVER** was detained and identified the vehicle as his by confirming the registered owner is his mother. **GROOVER**

provided verbal consent to search the vehicle. Upon the approach to the vehicle, deputies detected the odor of cannabis emitting from the vehicle.

11.     Investigators contacted Individual 1, who was the owner of the residence located at 401 Taylor Boulevard, who provided consent to search the garbage can by the carport. Investigators located the black backpack inside of the garbage can. Investigators searched the contents of the bag and located a clear baggie containing a white powdery substance, clear baggie containing blue pills, and clear baggie containing multi-colored triangular pills inside of the bag, among other items. The white powdery substance was field tested, which resulted in a presumptive positive result for cocaine, and its weight was approximately 104.33 grams. The blue pills were field tested which resulted in a presumptive positive result for fentanyl, and its weight was approximately 35.81 grams. The multi-colored triangular pills were field tested which resulted in a presumptive positive result for 3,4-Methylenedioxy methamphetamine (MDMA), and its total packaging weight was approximately 159.17 grams. The cocaine, fentanyl, and MDMA, respectively, are pictured below:



12. Also located inside of the backpack with the narcotics was an American Tactical AR-style pistol. Below is a picture of the firearm found inside the backpack:



13. The FBI, Lakeland Police Department ("LPD"), and Polk County Sheriff's Office ("PCSO") executed the search warrant at 2709 Palm Drive Northeast, Winter Haven, Florida 33881. During the search of the residence,

investigators located a pill press on the kitchen counter, a clear baggie containing a white powdery substance in a kitchen cabinet, and a black and white drawstring bag in the kitchen pantry. Inside of the black and white drawstring bag was a clear baggie containing a pink powdery substance and a clear baggie containing a white powdery substance. I know that a pill press is often used to press a powder mixture of controlled substances into a pill form for further illegal distribution. A picture of the pill press is shown below:



14. Investigators conducted a field test of the white powdery substance that was in the clear baggie in the kitchen cabinet, which resulted in a presumptive positive result for cocaine, and the total weight was approximately 12.6 grams. A picture of the cocaine is shown below:



15. Investigators conducted field tests on the pink powdery substance and white powdery substance found in the kitchen pantry, which both tests resulting in presumptive positive results for fentanyl. The total weight of the fentanyl was approximately 13.85 grams. An example of the fentanyl is below:



16.     Since May 14, 2025, through the present, during surveillance operations, law enforcement has regularly observed **DEVANEY** entering and exiting 2709 Palm Drive Northeast, Winter Haven, Florida 33881. Additionally, investigators have regularly observed various vehicles arrive and park at the residence for short periods of time, which is consistent with locations where narcotics are sold.

## CONCLUSION

17. Based on the foregoing, there is probable cause to believe that **DEVANEY** and **GROOVER** committed a violation of 21 U.S.C. §§ 846 and 841(a)(1) (conspiracy to possess with intent to distribute, and possession with intent to distribute, controlled substances) and I respectfully request this Court issue arrest warrants for **DEVANEY** and **GROOVER**.

_____
Stephen Bonczyk
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this __20__ day of June, 2025.

_____
CHRISTOPHER P. TUITE
United States Magistrate Judge